The Honorable Judge Ronald B. Leighton

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

THE BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK AS TRUSTEE FOR
FIRST HORIZON ALTERNATIVE MORTGAGE
SECURITIES TRUST 2006-AA6,

No. 2:19-cv-05678-RBL

13

Plaintiff,

**MOTION TO REMAND TO
SUPERIOR COURT**

14

vs.

15

**NOTE ON MOTION CALENDAR:**

DEBORAH TOWNSEND; SCOTT TOWNSEND;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS; FIRST HORIZON HOME LOAN
CORPORATION; JOHN AND/OR JANE DOE,
UNKNOWN OCCUPANTS/CO-HABITANTS OF
THE SUBJECT PREMISES,

**Without Oral Argument**

16

17

18

19

Defendants.

20

21

**I.     RELIEF REQUESTED**

22

The Plaintiff, by and through its attorneys moves this Court for an Order remanding this

23

case back to Tacoma County Superior Court of Washington.

24

///

25

26

27

28

1 - MOTION TO REMAND TO SUPERIOR COURT

*SHAPIRO & SUTHERLAND, LLC*
1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

## II.     STATEMENT OF FACTS

The subject property of the Complaint is commonly known as 1221 14th Ave, Fox Island, Washington 98333, and is located in Tacoma County, Washington (the "Property"). It is owned by Defendants Deborah Townsend and Scott Townsend (together "Townsend"). On or about May 17, 2019 Plaintiff filed an In Rem Complaint for Deed of Trust Foreclosure, Tacoma Superior Court Cause No. 19-2-07409-0. The complaint alleges a material breach of a loan obtained by Townsend on or about August 25, 2006, which loan is secured by a Deed of Trust that was recorded on September 6, 2006, in the official records of Tacoma County, Washington as Instrument No. 200609060376.

## III.     ISSUE STATEMENTS

A.     Whether the court should remand the case to Tacoma County Superior Court based on lack of federal question jurisdiction when Plaintiff's complaint is based solely upon Washington State law.

B.     Whether the court should remand the case to Tacoma County Superior Court because the removal is not sufficiently related to a bankruptcy proceeding.

## IV.     EVIDENCE RELIED UPON

This motion is based upon:

1. Pleadings and documents filed with the court; and

2. This motion and incorporated memorandum of law in support thereof.

///

///

2 - MOTION TO REMAND TO SUPERIOR COURT

*SHAPIRO & SUTHERLAND, LLC*
1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

## V. LEGAL AUTHORITY AND ARGUMENT

Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Removal statutes are to be strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Live Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Gaus, supra.* (citations omitted).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded.". 28 U.S.C. § 1447(c). *See Fed. R. Civ. P. 12(h)(3).* If the motion for remand is based on a lack of subject-matter jurisdiction, the Court may remand at any time. *Wisconsin Dep't of Corrections v. Schacht, 524 US 381, 392 (1998).*

### A. THE STATE COURT COMPLAINT DOES NOT RAISE ANY FEDERAL ISSUES.

A federal question must be clear on the face of Plaintiff's well-pleaded complaint and matters raised in a defendant's answer will not create federal question jurisdiction. See, e.g., *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). It is well established law that a "defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

In this case, the Court lacks subject matter jurisdiction based on a federal question. The defendants have not met their burden of establishing that the court has subject matter jurisdiction over this case. This is a foreclosure action under state law. Nowhere does the complaint cite

3 - MOTION TO REMAND TO SUPERIOR COURT

*SHAPIRO & SUTHERLAND, LLC*
1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

1   federal law or recite facts that would give rise to a cause of action under Federal law.  The

2   federal question, if it exists, is solely based upon the statute of limitations defense.  Therefore,

3   there is no federal question jurisdiction in the action itself.

### B.     THE STATE COURT ACTION IS NOT SUFFICIENTLY RELATED TO A BANKRUPTY COURT PROCEEDING

Defendants allege that the foreclosure complaint violates the 11 USCS 542(a) discharge

injunction that resulted from Defendants Chapter 7 Bankruptcy discharge on January 13, 2010.

However, Defendants' own Notice of Removal acknowledges that the underlying deed of trust

remains enforceable after a bankruptcy discharge.  *See Notice of Removal*, Page 2, Paragraph 4,

*citing Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct 2150, 115 L.Ed.2d 66(1991).  A

discharge only extinguishes "one mode of enforcing a claim*." Rhodes v. HSBC Bank USA N.A*.,

2011 U.S. Dist. LEXIS 81396, *12, 2011 WL 3159100, *quoting Dewsnup v. Timm*, 502 U.S.

410, 418, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992) *and citing* 11 U.S.C. 524(a)(2).  It eliminates

the personal liability but leaves the right to seek an in rem action like foreclosure against the

debtor.  *Id.* This would then leave Plaintiff the right to file an in rem foreclosure action.

Defendants argue that this right for an *in rem* action is also now barred and this is their

basis for removal.  However, this claim is not based upon the 11 USC 524(a)(2) bar, but upon

RCW 4.16.040(1), the State statute of limitations for enforcement of promissory notes.

Defendants are wrong, the statute of limitations has not run,[1] but even if it had, having a state

---

[1]  In an installment note, such as Defendants, the Statute of limitations runs for each monthly
payment "from the time when an action might be brought to recover it." *Herzog v. Herzog,* 23
Wn.2d 382, 161 p.2d 142(1945).  You can not bring an action to recover a payment before it is
due unless you accelerate the entire balance.  However, acceleration "is an option to be exercised

4 - MOTION TO REMAND TO SUPERIOR COURT

*SHAPIRO & SUTHERLAND, LLC*
1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com

law defense to an in rem action does not create a claim for a violation of the discharge injunction, nor does it turn an in rem action into an action to recover a personal debt.  Defendants assertion to the contrary is simply a conclusory allegation without any basis in law or fact.  A statute of limitations bars the remedy it does not extinguish the obligation.  *Jordan v. Bergsma*, 63 Wn. App. 825, 828, 822 P.2d 319, 320 (Wash. App. 1992).

## VI.    CONCLUSION

Plaintiff's complaint is based solely on state law claims and Defendants removal claim is based on a state statute of limitations.  Therefore, the court does not have subject matter jurisdiction over this action and it should be remanded to Tacoma County Superior Court.

Dated this 6th day of August, 2019.

Attorneys for Plaintiff,
SHAPIRO & SUTHERLAND, LLC

By: /s/ James A. Creft, for:
[x] James A. Craft #47763 [jcraft@logs.com]*
[x] Kelly D. Sutherland #21889 [ksutherland@logs.com]
1499 SE Tech Center Place, Suite 255,
Vancouver, WA 98683
(360)260-2253; Fax (360)260-2285

by the lender, not something triggered by events in bankruptcy proceedings." *Edmundson v. Bank of Am., NA*, 194 Wn. App. 920, 932, 378 P.3d 272, 278 (Wash. App. 2016), *also see* 11 USC 524(j) (secured creditor retains the right to seek periodic payments in lieu of in rem relief). The note in question does not mature until 2036 and was only accelerated by the foreclosure complaint itself.

5 - MOTION TO REMAND TO SUPERIOR COURT

*SHAPIRO & SUTHERLAND, LLC*
1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683
Telephone (360)260-2253 (800)970-5647
Fax (360)260-2285
ksutherland@logs.com